UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VINCENT VAGHAR,<br><br>                          Plaintiff,<br><br>-against-<br><br>BEGREAT SPORTS, LLC and BARRY GARDNER,<br><br>                        Defendants. | 1:23-cv-03487 (JLR)<br><br>**AMENDED MEMORANDUM<br>OPINION AND ORDER** |

JENNIFER L. ROCHON, United States District Judge:

       This Amended Memorandum Opinion and Order shall replace and supersede the Court's Order dated October 20, 2023 at ECF No. 31.

       On October 19, 2023, Plaintiff filed a motion to serve Defendant BeGreat Sports, LLC ("BeGreat"), an Arizona limited liability company, by alternative service via electronic mail on BeGreat's principal and registered agent, Defendant Barry Gardner ("Gardner"), and by certified mail, return receipt requested, to BeGreat. ECF Nos. 29 ("Mot."), 30 ("Br."). Plaintiff previously served Gardner with the Summons and Complaint. *See* ECF No. 5. Plaintiff's counsel represents that it has communicated with non-local counsel for BeGreat and Gardner regarding this litigation via email, and thereby apprised Defendants' purported non-local counsel of the pendency of this lawsuit. *See* Br. at 3-4. Plaintiff also describes repeated attempts to serve BeGreat through other means over multiple months that have been unsuccessful. *See id.* at 2-4.

       Federal Rule of Civil Procedure 4(e)(1) provides that a defendant may be served according to the procedures allowed by state law in the state where the district court is located or where service is made. *See also* Fed. R. Civ. P. 4(h)(1)(A) (applying Rule 4(e)(1) to service on

an unincorporated association). New York allows for service on any limited liability company in various ways. *See* N.Y. C.P.L.R. § 311-a(a). It also allows for alternative service when traditional service is "impracticable," providing that service "may be made in such manner as the court, upon motion without notice, directs." *Id.* § 311-a(b). Arizona Rule of Civil Procedure 4.1(k)(1) similarly provides that a court may allow for alternative means of service if the traditional means for serving a limited liability company are "impracticable." Based on the present record, the Court finds that the traditional means of service are impracticable and alternative service is permitted under the applicable rules.

Alternative service must also satisfy the constitutional requirements of due process. "To meet the constitutional minimum, a method of service must be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *GP Acoustics (US), Inc. v. J&V Audio, Inc.*, No. 17-cv-05305 (AKH), 2017 WL 11570459, at *1 (S.D.N.Y. Sept. 13, 2017) (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). "Courts in this district have found that service on a corporate email address satisfies due process." *Id.* (collecting cases). The Court finds that email service on Gardner, coupled with certified mail to BeGreat and the prior service on Gardner in his personal capacity, is reasonably calculated to apprise BeGreat of this action. *See, e.g.*, *ADI Glob. Distribution v. Green*, No. 20-cv-03869 (DRH) (JMW), 2021 WL 5759725, at *5 (E.D.N.Y. Dec. 3, 2021) (permitting alternative service on party in Arizona by email); *Einstein Assocs. LLC v. DAP Indus. LLC*, No. 20-cv-02184 (PHX) (JAT), 2021 WL 2483576, at *1 (D. Ariz. Feb. 11, 2021) (permitting alternative service on Arizona company by email to its agent); *see also LG Capital Funding, LLC v. FLASR, Inc.*, 422 F. Supp. 3d 611, 622 n.2 (E.D.N.Y. 2017) (noting that the court permitted alternative service by email to the defendant

company's executive and general email address); *GP Acoustics (US), Inc.*, 2017 WL 11570459, at *2 (permitting alternative service on company by email)

For all of these reasons, Plaintiff's motion is GRANTED.

IT IS HEREBY ORDERED that Plaintiff shall serve the summons and Complaint, along with a copy of this order, on Defendant BeGreat at barry@begreatsports.com.

IT IS FURTHER ORDERED that Plaintiff shall complete service of the summons and Complaint on BeGreat by certified mail, return receipt requested.

IT IS FURTHER ORDERED that Plaintiff shall file proof of such service on the docket by **November 20, 2023**.

Dated: October 30, 2023
       New York, New York

SO ORDERED

*Jennifer Rochon*
JENNIFER L. ROCHON
United States District Judge